UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Michael Francis, et al.,

          Plaintiffs,

    -v-

AccuBanc Mortgage Corp., et al.,

          Defendants.

19-cv-902 (AJN)

ORDER & OPINION

ALISON J. NATHAN, District Judge:

Defendants JPMorgan Chase Bank, N.A., EMC Mortgage LLC, and Federal National Mortgage Association removed this action, which was instituted in the Supreme Court of the State of New York, to this Court. Dkt. No. 9. On February 1, 2019, the Court issued an Order requiring Defendants to show cause why removal was not barred by the forum defendant rule. Dkt. No. 12; *see* 28 U.S.C. § 1441(b) (providing that a civil action otherwise removable on the basis of diversity jurisdiction may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Defendants filed a letter motion in support of removal, Dkt. No. 16, and Plaintiffs filed an opposition, Dkt. No. 18. For the reasons stated below, the Court agrees with Defendants that removal is not precluded by 28 U.S.C. § 1441(b)(2).

Though it is uncontested that Defendant EMC is a citizen of New York, the doctrine of fraudulent joinder nevertheless allows removal of this action. "[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998). Fraudulent joinder need not involve outright fraud;

1

"joinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged." *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 471 (S.D.N.Y. 2006)(quoting *Pampillonia*, 138 F.3d at 461). The Defendants bear the burden of proving fraudulent joinder by clear and convincing evidence, and any uncertainty must be resolved in Plaintiffs' favor. *Id.* at 461. However, if there is no possibility "that plaintiff can establish any cause of action against a defendant," the Court may discount the citizenship of that defendant for purposes of jurisdiction and removal. *Sonnenblick-Goldman Co. v. ITT Corp.*, 912 F. Supp. 85, 88 (S.D.N.Y. 1996); *see also Allied Programs Corp. v. Puritan Ins. Co.*, 592 F. Supp. 1274, 1276 (S.D.N.Y. 1984) ("Joinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged.") (internal quotation marks omitted).

Here, Plaintiffs bring five claims against EMC, none of which has any possibility of success in New York state court. The first claim is for a violation of Article 23-A of New York's General Business Law, which prohibits various fraudulent practices. *See* Dkt. No. 1, Ex. 1 ¶¶ 84–85. It is well established that Article 23-A, known as the Martin Act, does not create a private right of action to bring civil suits against violators. *See, e.g.*, *People v. Credit Suisse Sec. (USA) LLC*, 31 N.Y.3d 622, 632 (N.Y. 2018) ("We have repeatedly held that the Martin Act does not create a private right of action in favor of parties injured by prohibited fraudulent practices."). Plaintiffs' second claim against EMC, brought under § 63 (12) of the New York Executive Law, is similarly unavailable to private litigants. *See* N.Y. Exec. L. § 63(12) ("Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, *the attorney general* may apply…for an order enjoining the continuance of such

2

business activity.") (emphasis added). Accordingly, Plaintiffs cannot establish a cause of action against EMC as to their first two claims.

Plaintiffs' three other claims against EMC are also fatally flawed. The third cause of action is brought under § 1921 of New York's Real Property Law, *see* Dkt. No. 1, Ex. 1 ¶¶ 88–89, which has a statute of limitations of six years, *see Key Bank of New York v. Del Norte Inc.*, 251 A.D. 2d 240, 741 (N.Y. Ct. App. 1998). According to Plaintiffs' complaint, this cause of action accrued 30 days after December 1, 2001—well outside the statutory six-year period. *See* Dkt. No. 1, Ex. 1 ¶ 89. Plaintiffs' fifth cause of action against EMC, which sounds in slander of title, is similarly time barred. *See id.* at ¶¶ 97–105. The Complaint cites two acts of recording as constituting slander of title, the latter of which occurred on September 6, 2013. *See id.* ¶¶ 104–105. The statute of limitations for slander of title in New York, where the claim was brought, is one year. *See* CPLR 215[3]. In Indiana, where the alleged acts occurred, the statutory period is two years. *See* Ind. Code § 34-11-2-4(a). Accordingly, Plainitffs' claim for slander of title, which accrued over five years before the filing of the Complaint, is untimely.

Finally, there can be no recovery against EMC on Plaintiffs' claim for breach of fiduciary duty, the fourth cause of action. *See* Dkt. No. 1, Ex. 1 ¶¶ 90–96. Plaintiffs allege that EMC, a mortgage servicer, "failed to adhere to their Fiduciary Duties." Id. ¶ 96. However, "[i]t is well settled under New York law that a lender is not in a fiduciary relationship with a borrower." *See Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F.Supp.2d 222, 236 (E.D.N.Y. 2013); *see also Best v. Bank of America, N.A.*, No. 14-CV-6546 (JG)(LB), 2015 WL 5124463 at *7 (E.D.N.Y. Sept. 1, 2015) ('[A] mortgage servicer owes no duty of care to a borrower...."). Under Indiana law, too, "[a]bsent special circumstances, a lender does not owe a fiduciary duty to a borrower." *Wilson v. Lincoln Fed. Sav. Bank*, 790 N.E.2d 1042, 1076 (Ind. Ct. App. 2003). Plaintiffs have

alleged no special circumstances that might give rise to a fiduciary relationship between themselves and Defendant EMC. Even resolving any uncertainty in Plaintiffs' favor, there is no doubt that the state court would not recognize Plaintiff's breach of fiduciary duty claim against EMC as stating a cause of action. *See Kuperstein*, 457 F. Supp. 2d at 470–72 ("If state case law or legislation removes all reasonable possibility that the plaintiff would be permitted to litigate the claim, then remand must be denied.").

In light of the foregoing analysis, the Court concludes that Defendants have established by clear and convincing evidence that there can be no recovery against Defendant EMC. Thus, EMC's citizenship can be disregarded for purposes of assessing whether removal was permissible. Because no other Defendant is a citizen of New York, removal of this action is not barred by the forum defendant rule.

This Order will be mailed to pro se Plaintiffs and that mailing will be noted on the docket.

SO ORDERED.

Dated: June 14, 2019
     New York, New York

_____
ALISON J. NATHAN
United States District Judge