UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Michael Francis, *et al.*,

                     Plaintiffs,

     -v-

AccuBanc Mortgage Corp., *et al.*,

                     Defendants.

19-cv-902 (AJN)

OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

     Pro se Plaintiffs Michael and Carmen Francis bring this New York State law action arising out of a foreclosure of their home mortgage. Defendants are Accubanc Mortgage Corporation, J.P. Morgan Chase Bank (Chase), EMC Mortgage LLC (EMC), and Fannie Mae. Plaintiffs have moved for default judgment as to all Defendants. Plaintiffs have also asked the Court to take judicial notice of various documents. Defendants have moved to dismiss Plaintiffs' Complaint in its entirety. For the reasons that follow, Plaintiffs' motions are DENIED, and Defendants' motions are GRANTED.

**I.    BACKGROUND**

    **A. The Underlying Mortgage, Foreclosure, and State-Court Litigation**

     In this factual recitation, the Court takes the facts alleged in the Complaint as true. *See* Dkt. No. 1, Ex. A (Compl.). The Court also considers documents that are "integral" to the pleading. *See I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir. 1991). And the Court takes judicial notice of publicly filed, state-court filings involving these parties. *See Gantt v. Ferrara*, No. 15-CV-7661 (KMK), 2017 WL 1192889, at *14 (S.D.N.Y. Mar. 29, 2017) ("[A] court may take judicial notice of matters of public record, which

1

include . . . pleadings in another action." (internal quotation marks omitted)); *see also Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 321 (S.D.N.Y. 2015) ("In considering a motion to dismiss, a court is permitted to take judicial notice of public records."). However, the Court takes judicial notice of these filings only to establish "the fact of such litigation," but not for the truth of the matters asserted in that proceeding. *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings." (internal quotation marks omitted)); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("If the court takes judicial notice, it does so in order to determine what statements [a document] contained—but again not for the truth of the matters asserted." (internal quotation marks omitted)).

On October 26, 1994, Plaintiffs Michael and Carmen Francis entered into a mortgage with Accubanc Mortgage Corporation for real property in Indianapolis, Indiana. Compl. ¶ 18. They eventually defaulted on the mortgage. *See* Dkt. No. 1 at 86. Plaintiffs allege that the remaining Defendants—Chase, Fannie Mac, and EMC—all held the mortgage at various times, either through assignment, purchases of residential mortgage backed securities, or acquisition of other entities. *See id.* at 42 (report from Certified Forensic Loan Auditors).

On May 29, 2007, EMC initiated a foreclosure action against Plaintiffs in the Superior Court of Marion County, Indiana. *See* Dkt. No. 33, Ex. A. Seven years later, the Superior Court granted EMC summary judgment. Dkt. No. 33, Ex. F. The Superior Court then granted a foreclosure judgment in favor of EMC's successor-in-interest and mandated that the property be sold at a foreclosure auction by the county sheriff. *Id.* at 6–7; *see* Dkt. No. 1 at 91 (Notice of Sheriff's Sale on February 15, 2017).

Plaintiffs then appealed the Superior Court's decision to the Indiana Court of Appeals, the state's intermediate appellate court. Dkt. No. 33, Ex. I. In April 2017, the Court of Appeals affirmed the lower court's grant of summary judgment and resulting foreclosure judgment.

Plaintiffs then filed a "collateral action" in the Indiana Superior Court, challenging the validity of the earlier action. *See* Dkt. No. 33, Ex. J. Plaintiffs named the same defendants as here—EMC, Chase, Fannie Mae, and Accubanc. Defendants moved to dismiss, and the Superior Court granted that motion with prejudice. Dkt. No. 33, Ex. L. Plaintiffs also appealed that decision, and the Court of Appeals affirmed, resting on *res judicata*. *See* Dkt. No. 33, Ex. M. The Court of Appeals also denied Plaintiffs' request for rehearing. *See* Dkt. No. 33, Ex. N.

### B. Procedural History

Plaintiffs began this action on December 17, 2018 in New York Supreme Court, New York County. They alleged five claims under New York State law. *See* Compl. ¶¶ 84-105. And they asked for a declaratory judgment and substantial monetary relief. *See* Compl. at 22–23.

On January 30, 2019, Defendants removed this action to federal court based on diversity of citizenship. *See* Dkt. No. 1 (notice of removal). The Court then issued an Order requiring Defendants to show cause why removal was not barred by the forum-defendant rule, given that EMC is a New York citizen. Dkt. No. 12; *see* 28 U.S.C. § 1441(b) (providing that a civil action otherwise removable on the basis of diversity jurisdiction may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). The Court ultimately concluded that removal was not barred. *See* Dkt. No. 31. Because there was no possible recovery against EMC on any of Plaintiffs' five causes of action, the Court held that EMC was fraudulently joined to this action, and its citizenship need not be considered for purposes of the complete-diversity requirement. *Id.* at 2–4 ("Plaintiffs bring five claims against EMC, none of which has any possibility of success in New York state

3

court . . . Thus, EMC's citizenship can be disregarded for purposes of assessing whether removal was permissible.").

On March 14, 2019, Plaintiffs moved for default judgment as to Chase, EMC, and Fannie Mae. This motion is now before the Court.

On July 15, 2019, Defendants Chase, EMC, and Fannie Mae moved to dismiss Plaintiffs' Complaint. *See* Dkt. No. 33. On the same day, Defendant Accubanc separately moved to dismiss, "adopt[ing] and incorporate[ing] by reference and assert[ing] the same grounds for dismissal" as the other Defendants. *See* Dkt. No. 34 at 3. Accubanc also argued that "it is not a proper party to this action because it no longer exists" as a corporate entity, having filed a certificate of termination in its state of incorporation. *Id.* at 2. Its successor entity is PNC. *Id.* PNC is not a named defendant in this action and has not been served with process. *Id.* These two motions to dismiss are also now before the Court.

## II.     PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT IS DENIED

The Court begins with Plaintiffs' motion for default judgment as to Chase, EMC, and Fannie Mae. These three Defendants were served while the case was pending in New York Supreme Court, respectively on December 31, 2018, January 4, 2019, and January 10, 2019. Prior to removal, however, none of these Defendants had filed an answer. *See* Dkt. No. 1 (state-court record). Federal Rule of Civil Procedure 81(c)(2) governs this situation and provides:

> (2) *Further Pleading* . . . A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>     (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
>     (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>     (C) 7 days after the notice of removal is filed.

Because 21 days had expired or were just about to expire between service and removal, the Court focuses on Subsection (C). *See, e.g.*, *Touro Coll. v. Fondazione Touro Univ. Rome Onlus*, No. 16 CIV. 3136 (DAB), 2017 WL 4082481, at *4 (S.D.N.Y. Aug. 31, 2017), *aff'd*, 738 F. App'x 25 (2d Cir. 2018) ("Rule 81(c)(2)(C) applies because Defendants removed the case to federal court more than 21 days after being served."). Subsection (C) provides a defendant with seven days after removal to respond to a complaint.

Upon the filing of the notice of removal on January 30, 2019, therefore, these three Defendants had through February 6, 2019 to respond to the Complaint. On February 6, 2019, they requested an extension of this deadline. Dkt. No. 4. The Court extended the deadline to thirty days after the Court's decision on removal jurisdiction. Dkt. No. 19. The Court issued its ruling finding subject-matter jurisdiction on June 14, 2019, Dkt. No. 31, which in turn extended these Defendants' time to respond through July 15, 2019.[1] Their motions to dismiss were filed on this date. *See* Dkt. Nos. 33, 34.

Accordingly, Defendants Chase, EMC, and Fannie Mae never defaulted. To the contrary, they complied with each of their deadlines under the Federal Rules and the Court's orders. Plaintiffs' motion for default judgment is therefore denied.

### III. DEFENDANTS' MOTION TO DISMISS ARE GRANTED

#### A. Legal Standard

On a motion dismiss under Rule 12(b)(6), a court must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). But the Court does not accept legal conclusions as true: "[t]hreadbare

---

[1] The date 30 days from June 14, 2019, July 14, 2019, fell on a Sunday, so the deadline was automatically redesignated as July 15, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C).

5

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim achieves "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, and if plaintiffs cannot "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed," *Twombly*, 550 U.S. at 570. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

### B. Plaintiffs' Claims Are Barred by Res Judicata

The Court concludes that Plaintiffs' claims fail as a matter of law for two reasons. The first is that they are barred by res judicata.

A "federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Russo v. GMAC Mortg. LLC*, 549 Fed. Appx. 8, 10 (2d Cir. 2013). Because the foreclosure judgment was rendered in Indiana, Indiana law governs the claim-preclusion inquiry. Under Indiana law, there are four requirements for res judicata to apply: (1) The former judgment must have been rendered by a court of competent jurisdiction; (2) The former judgment was rendered on the merits; (3) The matter now at issue was, or could have been, determined in the prior action; and (4) The controversy adjudicated in the former action was between parties to the present action or

6

their privies. *Nicklas v. Von Tobel Corp.*, 10 N.E.3d 575, 579 (Ind. Ct. App. 2014). "A 'privy' is one who after rendition of a judgment has acquired an interest in the subject matter affected by the judgment, or whose interests are represented by a party to the action." *Becker v. State*, 992 N.E.2d 697, 700–01 (Ind. 2013) (cleaned up). "An entity does not have to control a prior action . . . for privity to exist . . . In determining the parties for res judicata purposes, the court looks beyond the nominal parties and treats those whose interests are involved as the real parties." *Id.*

Here, the foreclosure judgment was rendered by a court of competent jurisdiction, the Indiana Superior Court, Marion County. It was rendered on the merits, on summary judgment. These matters could have been determined in the prior action, as the foreclosure judgment adjudicated EMC's right to foreclose Plaintiffs' property. And the Superior Court adjudicated several of the same theories Plaintiffs put forward here. EMC was party to that action, and the other Defendants were privies, as Plaintiffs allege that these parties either acquired an interest in Plaintiffs' loan during the pendency of the Indiana action or afterwards. *See* Compl. ¶¶ 12, 63. In addition, Plaintiffs sued these very Defendants in their collateral action in Indiana Superior Court. That collateral attack *also* precludes Plaintiffs' claims here, as all four of the above requirements for res judicata are met. The Indiana Superior Court dismissed that action, and the Indiana Court of Appeals affirmed that dismissal and denied rehearing. Plaintiffs' claims are therefore barred by res judicata, and their Complaint must be dismissed for this reason alone.

### C. Plaintiffs' Claims Also Fail as a Matter of Law

As a separate matter, the Court also concludes that each of Plaintiffs' five causes of action fails to state a claim as a matter of law. Their Complaint is thus alternatively dismissed on this ground.

Plaintiffs' *first* and *second* claims both fail for the same reason: they are brought under statutes that do not provide a private cause of action. The first claim is for a violation of Article

7

23-A of New York's General Business Law, which prohibits various fraudulent practices. *See* Compl. ¶¶ 84-85. However, it is well established that Article 23-A, known as the Martin Act, does not create a private right of action to bring civil suits against violators. *See, e.g., People v. Credit Suisse Sec. (USA) LLC*, 31 N.Y.3d 622, 632 (N.Y. 2018) ("We have repeatedly held that the Martin Act does not create a private right of action in favor of parties injured by prohibited fraudulent practices."); *accord Vermeer Owners v. Guterman*, 78 N.Y.2d 1114 (1991). The second claim is under New York Executive Law § 63(12). This statute, by its express terms, does not create a private right of action. See N.Y. Exec. L. § 63(12) ("Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, *the attorney general may apply* . . . for an order enjoining the continuance of such business activity.") (emphasis added).

Plaintiffs' *third* claim is brought under § 1921 of New York's Real Property Law, which requires a mortgagee to execute a satisfaction of mortgage and arrange to have the satisfaction recorded within 30 days. *See* Compl. ¶¶ 88–89. However, the statute of limitations for bringing such a claim is six years. *See Key Bank of New York v. Del Norte Inc*., 251 A.D. 2d 240, 741 (N.Y. Ct. App. 1998). According to Plaintiffs' Complaint, this cause of action accrued 30 days after December 1, 2001—well outside the statutory period. Compl. ¶ 89.

Plaintiffs' fourth claim is for breach of fiduciary duty. Compl. ¶¶ 90-96. Neither New York law nor Indiana Law creates a fiduciary duty between a lender and borrower, absent special circumstances where the parties have made clear their intent that the lender would act as the borrower's fiduciary. *See Std. Fed. Bank v Healy*, 7 A.D.3d 610, 612 (2d Dept. 2004) ("the relationship between a borrower and a bank is a contractual one which generally does not give rise to a fiduciary duty."); *Roswell Capital Partners LLC v. Alternative Const. Techs*., 638 F.

8

Supp. 2d 360, 368–69 (S.D.N.Y. 2009) ("borrower-lender relationship is not of a confidential or fiduciary nature"); *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F.Supp.2d 222, 236 (E.D.N.Y. 2013) ("It is well settled under New York law that a lender is not in a fiduciary relationship with a borrower."); *Jaffri v. JPMorgan Chase Bank, N.A.*, 26 N.E.3d 635, 639 (Ind. Ct. App. 2015) ("mortgages do not transform a traditional debtor-creditor relationship absent an intent by the parties to do so"); *Wilson v. Lincoln Fed. Sav. Bank*, 790 N.E.2d 1042, 1076 (Ind. Ct. App. 2003) ("Absent special circumstances, a lender does not owe a fiduciary duty to a borrower"). Here, Plaintiffs assert this claim against the Defendants in their various roles as lenders or loan servicers. There is no allegation that either party ever intended to form a fiduciary relationship. Even read favorably, there are no other allegations in Plaintiffs' Complaint supporting a finding that that the "special circumstances" contemplated by New York and Indiana courts might exist. Rather, Plaintiffs appear to contend that the lending relationship alone creates the fiduciary responsibility. *See* Compl. ¶¶ 92-96. This is plainly insufficient, and the claim thus fails as a matter of law.

Plaintiffs' *fifth* claim is for slander of title. Compl. ¶¶ 97-105. Plaintiffs allege that the recording of an assignment of mortgage on March 24, 1997, and another assignment of the mortgage on September 6, 2013, form the basis for the slander of title. *See id.* ¶¶ 104-105. Even taking the latter of these dates, this claim is untimely. The statute of limitations for slander of title in New York, where the claim was brought, is one year. *See* CPLR 215[3]; *accord Thome v. Alexander & Louisa Calder Found.*, 70 A.D.3d 88, 107, 890 N.Y.S.2d 16, 29 (2009) ("The statute of limitations for . . . slander of title, is one year."). In Indiana, where the alleged acts occurred, the statutory period is two years. *See* Ind. Code § 34-11-2-4(a). Accordingly,

Plaintiffs' claim for slander of title, which accrued over five years before the filing of the Complaint, is untimely. In sum, Plaintiffs have failed to state any of their five claims.

### D. Plaintiffs' Counterarguments Either Fail or Are Inapt

In their Opposition Brief, Plaintiffs do not challenge Defendants' arguments that their claims are barred by res judicata or that they have otherwise failed to state a claim. Indeed, they do not even mention these issues. Instead, they raise various tangential arguments, all of which the Court rejects.

Plaintiffs primarily argue that the Court should deny Defendants' motions because they did not comply with Local Rule 12.1. This Local Rule requires that "[a] represented party moving to dismiss . . . against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings as described in Fed. R. Civ. P. 12(b)(or 12(c), shall serve and file [a requisite] notice with the full text of Fed. R. Civ. P. 56." Plaintiffs reason that because Defendants' motions included attorney declarations with various exhibits, the Moving Defendants were required under the Local Rule to serve the requisite notice.

To start, these exhibits contained filings from the state-court actions, and Plaintiffs expressly referenced these proceedings in their Complaint. The Court is thus skeptical that these are truly "matters outside the pleadings" that trigger Local Rule 12.1. But even if they were, failure to provide this notice is not fatal to Defendants' motions. The Court has held that "[a] pro se plaintiff who is aware of the rights that Local Rule 12.1 is designed to give notice of, and who is not prejudiced by the defendants' failure to comply with the Rule, is not entitled to prevail [on a motion to dismiss] on the basis of the defendants' failure." *Carvel v. Franchise Stores Realty Corp.*, No. 08 CIV. 8938 (JGK), 2009 WL 4333652, *11 (S.D.N.Y. Dec. 1, 2009); *see also Pieczenik v. Cambridge Antibody Tech. Group*, No. 03 Civ. 6336, 2004 WL 527045, at *4 (S.D.N.Y. Mar. 16, 2004) (declining to dismiss on the grounds of failure to comply with Local

10

Rules 12.1 and 56.2 because pro se plaintiff was aware of rights protected by Rules).  Just as in *Carvel*, the pro se Plaintiffs here were clearly aware of Local Rule 12.1, as they are the ones who raised the issue in their Opposition Brief.  And Plaintiffs do not present any reason they were prejudiced by this omission.  Defendants' failure to provide this notice therefore does not defeat their motions.

Plaintiffs also raise a slew of inapt arguments.  For example, they argue that one of Accubanc's attorneys has violated their rights under the Fourteenth Amendment's Due Process Clause by fabricating evidence and obstructing justice.  *See* Pl. Br. at 10.  And they allege a wide-ranging conspiracy involving the "U.S. Congress and President Barack Obama." Pl. Br. at 4.  The Court rejects these arguments as baseless, plainly incorrect under governing legal principles, and irrelevant to the specific, state-law claims asserted by Plaintiffs in their Complaint.

## IV.     PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ARE DENIED

While this motion has been pending, Plaintiffs have filed four "Requests for Judicial Notice," attaching hundreds of pages of documents.  Dkt. Nos. 65–68.  For example, Plaintiffs ask the Court to take judicial notice of purported loan servicing records relating to his mortgage.  These are not the kinds of documents of which the Court may take notice.  And even if the Court did consider them, they do not contain any information that would change the outcome here.  These requests to take judicial notice are therefore denied.

## V.      CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is DENIED.  Defendants' motion to dismiss are GRANTED in full.  Plaintiffs' request for judicial notice is DENIED.  This resolves Dkt. Nos. 20, 33, 34, 65, 66, 67, and 68.

11

The Court dismisses Plaintiffs' complaint with prejudice. To be sure, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). Because Plaintiffs' claims regarding this mortgage are claim precluded, the Court believes that any additional amendment concerning the issues here would be futile. *See, e.g., Miller v. Town of Morrisville*, No. 5:15-CV-00184, 2015 WL 4994175, at *3 (D. Vt. Aug. 20, 2015) (dismissing pro se complaint with prejudice on futility grounds); *Jenkins v. Sea–Land Serv., Inc*., No. 92 Civ. 2380 (PKL), 1993 WL 322785, at *3 (S.D.N.Y. Aug. 19, 1993) ("Although a pro se complaint is to be liberally construed, it must contain specific facts supporting its conclusions" (internal quotation marks and brackets omitted)). The Clerk of Court is therefore respectfully ordered to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and in forma pauperis status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Opinion and Order to the pro se Plaintiffs, and to note that mailing on the public docket.

SO ORDERED.

Dated: April 30, 2020  
     New York, New York

                                      ALISON J. NATHAN  
                                  United States District Judge