UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Michael Francis, et al.,

                Plaintiffs,

    -v-

AccuBanc Mortgage Corp., et al.,

                Defendants.

19-cv-902 (AJN)

MEMORANDUM OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

In 2018, *pro se* Plaintiffs Michael and Carmen Francis brought this New York State law action arising out of a foreclosure of their home mortgage against Defendants Accubanc Mortgage Corporation, J.P. Morgan Chase Bank (Chase), EMC Mortgage LLC (EMC), and Fannie Mae. On April 30, 2020, this Court granted Defendants' motions to dismiss Plaintiffs' Complaint in its entirety. Dkt. No. 73 ("April 30, 2020 Op. & Order"). Presently before the Court is Plaintiffs' motion for reconsideration. For the reasons that follow, Plaintiffs' motion is DENIED.

    **I.    Background**

The Court assumes the parties' familiarity with the factual and procedural background, which was recounted in the April 30, 2020 Opinion & Order. The Court incorporates the factual and procedural background section by reference, and recounts here only the information relevant to the present motion.

Briefly, Plaintiffs entered into a mortgage with Accubanc Mortgage Corporation for real property in Indianapolis, Indiana on October 26, 1994. Dkt. No. 1, Ex. A ("Compl.") ¶ 18. After

1

Plaintiffs defaulted on their mortgage, Defendant EMC initiated a foreclosure action against Plaintiffs in the Superior Court of Marion County, Indiana. *See* Dkt. No. 33, Ex. A.  Seven years later, the Indiana Superior Court granted EMC summary judgment.  Dkt. No. 33, Ex. F.  The Superior Court also granted a foreclosure judgment in favor of EMC's successor-in-interest, directing that the property be sold at a foreclosure auction by the county sheriff.  *Id.* at 6–7; *see* Dkt. No. 1 at 91 (Notice of Sheriff's Sale on February 15, 2017).

Plaintiffs appealed that decision to the Indiana Court of Appeals, which affirmed the Superior Court's grant of summary judgment and the resulting foreclosure judgment.  *See* Dkt. No. 33, Ex. I.  Following this, Plaintiffs filed a collateral action in the Indiana Superior Court, which challenged the validity of the earlier action; in that action, Plaintiffs sued the same defendants named here—EMC, Chase, Fannie Mae, and Accubanc.  *See* Dkt. No. 33, Ex. J.  The Superior Court granted Defendants' motion to dismiss, Dkt. No. 33, Ex. L, and the Court of Appeals affirmed that decision, *see* Dkt. No. 33, Ex. M.  The Court of Appeals denied Plaintiffs' request for a hearing, *see* Dkt. No. 33, Ex. N.

Plaintiffs then filed this action on December 17, 2018 in New York Supreme Court, New York County, alleging five claims under New York State law and seeking a declaratory judgment and monetary relief.  *See* Compl. ¶¶ 22–23, 84–105.  Defendants removed the action to federal court on January 30, 2019, alleging diversity of citizenship.  Dkt. No. 1 (Notice of Removal).

On March 14, 2019, Plaintiffs moved for default judgment as to Chase, EMC, and Fannie Mae.  *See* Dkt. No. 20.  On July 15, 2019, Defendants Chase, EMC, and Fannie Mae moved to dismiss Plaintiffs' Complaint.  *See* Dkt. No. 33.  That same day, Defendant Accubanc separately moved to dismiss, "adopt[ing] and incorporat[ing] by reference and assert[ing] the same grounds

2

for dismissal" as the other Defendants. *See* Dkt. No. 34 at 3. Accubanc further argued that "it is not a proper party to this action because it no longer exists" as a corporate entity, having filed a certificate of termination in its state of incorporation, and also alleging that its successor entity—PNC—was not a named defendant in this action and was not served with process. *Id.* at 2.

On April 30, 2020, the Court denied the Plaintiffs' motion for default judgment and granted the Defendants' motions to dismiss. In denying Plaintiffs' motion for default judgment, the Court noted that Defendants Chase, EMC, and Fannie Mae never defaulted. And in granting Defendants' motions to dismiss, the Court noted that all of Plaintiffs' claims failed, both because the claims are barred by *res judicata* and because all of the claims failed as a matter of law. The Court therefore dismissed Plaintiffs' complaint with prejudice, concluding that any possible amendments would be futile.

Plaintiff then moved for reconsideration. Dkt. No. 76 ("Mot. for Reconsideration"). That motion is fully briefed and is now before the Court. *See* Dkt. Nos. 77, 78, 79, 81, 82, 83.

## II.     Legal Standard

A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc.*

3

*Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). A motion for reconsideration is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue."). The standard for granting a motion for reconsideration "is strict and reconsideration is generally denied." *Weiss v. City of New York*, 2003 WL 21414309, at *1 (S.D.N.Y. June 19, 2003).

*Pro se* plaintiffs receive special solicitude. "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). If a party is proceeding *pro se*, a court shall construe their complaint "to raise the strongest claim it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal brackets omitted).

### III.   Discussion

Plaintiffs base their motion for reconsideration on three principal arguments. First, they argue that reconsideration is warranted based on alleged clerical mistakes. Second, they claim that allegedly newly discovered evidence merits reconsideration of the Court's April 30, 2020 decision. And third, they argue that reconsideration is warranted based on alleged fraud on the Court. None of their arguments have any merit.

In moving for reconsideration, Plaintiffs cite Rule 60(a), 60(b), and 60(d) of the Federal Rules of Civil Procedure. Rule 60(a) provides that "[t]he court may correct a clerical mistake or

4

a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(b), meanwhile, provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The relief available under Rule 60(b) is equitable in nature. "The rule 'strikes a balance between serving the ends of justice and preserving the finality of judgments.' However, because the grant of a Rule 60(b) motion affords the movant 'extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.'" *Katz v. Mogus,* No. 07-CV-8314 (PKC), 2012 WL 263462, at *3 (S.D.N.Y. Jan. 25, 2012) (quoting *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1996)). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances," and "[t]he burden of proof is on the party seeking relief from judgment." *United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir. 2001). Finally, Rule 60(d) acknowledges that the Court may "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d).

*First*, Plaintiffs fail to identify any clerical mistakes that would warrant reconsideration or clarification. "A motion under Rule 60(a) is available only to correct a judgment 'for the purpose of reflecting accurately a decision that the court actually made.'" *Hodge ex rel. Skiff v.*

5

*Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (quoting *Truskoski v. ESPN, Inc.,* 60 F.3d 74, 77 (2d Cir. 1995)); *Heriveaux v. Lopez-Reyes*, No. 17-CV-9610 (AJN), 2018 WL 1750589, at *1 (S.D.N.Y. Apr. 10, 2018) ("The rule allows for the correction of clerical mistakes and inadvertent errors so that the order accurately reflects the decision that the court made."). While they cite the correct legal standard, *see* Mot. for Reconsideration at 18, they fail to point to any necessary corrections necessary to "reflect[] accurately a decision that the court actually made." *Id.* Plaintiffs appear to suggest that the alleged clerical mistakes consisted of issues that Plaintiffs had in filing certain exhibits or supporting documents, *see generally* Dkt. No. 82, but they do not attempt to explain how any clerical mistakes would bear on an accurate reflection of the decision that the Court made. Nor can the Court find any other clerical mistakes warranting reconsideration. As a result, Rule 60(a) is inapplicable, and Plaintiffs' first premise is unavailing.

*Second*, Plaintiffs' Rule 60(b) argument—that newly discovered evidence warrants reconsideration of the Court's April 30, 2020 Opinion & Order—fails for at least two reasons. A motion for reconsideration premised upon the discovery of new evidence typically must rely on "evidence that was 'truly newly discovered or could not have been found by due diligence.'" *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)); *see also Marhone v. Cassel*, No. 16-CV-4733 (NSR), 2021 WL 142278, at *2 (S.D.N.Y. Jan. 14, 2021). Thus, "[a] motion to reconsider is not petitioner's opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." *United States v. Posada*, 206 F.Supp.3d 866, 868 (S.D.N.Y. 2016) (internal quotation marks omitted). Furthermore, "newly discovered evidence must not have been available prior to entry of the judgment leading

6

to reconsideration." *Marhone*, 2021 WL 142278, at *2 (citation omitted). Plaintiffs' motion for reconsideration discusses only one piece of evidence that was allegedly newly discovered: a Certified Certificate of Termination of EMC Mortgage Corporation filed on May 19, 2011 ("Certificate"). *See* Mot. for Reconsideration at 16. And while Plaintiffs' argument is somewhat unclear, the Court construes them as arguing that while they attempted to file the certificate on March 17, 2020, the filing did not appear in the public docket. *Id.* In any event, Plaintiffs fail to explain why they were unable to find or file that certificate prior to March 2020—well after their motion for default judgment and Defendants' motions to dismiss were fully briefed.

In any event, and more importantly, Plaintiffs fail to establish why any evidence referenced in their motion, including the Certificate, would be material to the Court's determination. In order to prevail on a motion for reconsideration or for relief from a judgment on the grounds of newly discovered evidence, a party must establish that "the evidence [is] admissible and of such importance that it probably would have changed the outcome." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 147 (2d Cir. 2020) (citing *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001)); *see also Marhone*, 2021 WL 142278, at *3. Plaintiffs' theory of materiality—which is inextricable from their theory of fraud on the Court, discussed at greater length below—appears to rely on a claim that the attorney for EMC Mortgage Corporation LLC and PNC Bank "lacks standing to respond to this motion." Mot. for Reconsideration at 9. The argument lacks any legal merit, and the Court rejects it as baseless, incorrect under basic legal principles, and irrelevant to the Court's resolution of the motions to dismiss in its April 30, 2020 Opinion & Order, especially its consideration of the *res judicata* issues inherent to this case. Accordingly, Plaintiffs' discovery of allegedly new evidence provides no basis for reconsideration.

*Finally*, Plaintiffs' argument as to fraud upon the Court also fails.  Fraud upon the court "is limited to fraud which seriously affects the integrity of the normal process of adjudication." *King v. First Am. Investigations, Inc.,* 287 F.3d 91, 95 (2d Cir. 2002) (citation and internal quotation marks omitted).  It "should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Id.* (citation and internal quotation marks omitted); *see also Soto v. Cty. Of Westchester*, No. 08-CV-5066 (AJN), 2018 WL 527977, at *3 (S.D.N.Y. Jan. 22, 2018).  Plaintiffs posit that Richard Haber committed fraud upon the Court by asserting to represent EMC, on the basis that Defendants EMC, J.P. Morgan Chase, and Fannie Mae.  Mot. for Reconsideration at 9.  As already noted, the argument that Haber could not represent EMC or any successor entities because EMC was a "defunct entity" lacks merit, and Plaintiffs provide no theory as to why that would constitute fraud.  Nor do Plaintiffs develop their argument in any legally grounded basis. *See* Dkt. No. 79 at 2.  Their claim ultimately fails because they do not discernibly allege any kind of fraud, let alone fraud that "seriously affects the integrity of the normal process of adjudication." *King*, 287 F.3d at 95.  To the extent that Plaintiffs rely on unsubstantiated allegations of fraud, the Court considers all of their allegations baseless and unrooted in any legal principles.

## IV.   Conclusion

The Court has considered the remainder of Plaintiffs' arguments and, even construing them liberally, concludes that they are without merit.  Plaintiffs' motion for reconsideration is therefore DENIED. This resolves Dkt. No. 76.  The Clerk of Court is ordered to mail a copy of this order to the *pro se* Plaintiffs and note that mailing on the public docket.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: March 4, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge